U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

AUG 1 9 2016

TONY R. MOORE, CLERK
BY: ___MS___
        DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| MARION C. BECKLEY | CIVIL ACTION NO. 15-2657 |
| -vs- | JUDGE DRELL |
| OCWEN LOAN SERVICING L.L.C. | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM RULING

Before the court is petitioner Marion Beckley's appeal from two Bankruptcy Court Orders dated September 14, 2015 and October 29, 2015, which granted Ocwen's motion for relief from an automatic stay and denied petitioner's motion to vacate that Order, respectively. For the following reasons, we affirm.

### I.   Background

The primary issue in this appeal concerns the timing of the sheriff's sale and the filing of petitioner's Chapter 13 Bankruptcy petition.[1] Petitioner argues, in several ways, that the Bankruptcy Court erred in finding that the property located at 616 Holly Street was not within its jurisdiction because—despite the property having been hammered down at a sheriff's sale—the paperwork and payment evidencing the sale of the property at the sheriff's sale was not completed or recorded prior to the filing of her Chapter 13 Bankruptcy petition. (See Doc. 12, p. 3–4). Petitioner accordingly argues that the automatic stay should not have been lifted. Additionally, petitioner contends that the Bankruptcy Court should have addressed an alleged failure of the

---

[1] We must first note that petitioner was given two extensions to file an appropriate appellate brief. (See Docs. 10, 22). The only arguments properly before us are contained in Document 12, which was taken as petitioner's brief in lieu of dismissing her appeal. (See Doc. 27).

1

electronic filing system. (See id.). These are identical to the arguments made before the Bankruptcy Court at the hearing on petitioner's motion to vacate the Order which granted Ocwen's motion for relief from stay. (See Doc. 11).[2]

## II. Discussion

A Bankruptcy Court's findings of fact are reviewed for clear error and its conclusions of law de novo. In re Nat'l Gypsum Co., 208 F.3d 498, 504 (5th Cir. 2000). A finding of fact is clearly erroneous when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 573 (1985).

On the issue of jurisdiction over the 616 Holly Street property, the Bankruptcy Court found that the sheriff's sale was completed at 10:06 a.m. on January 21, 2015 and petitioner's Chapter 13 Bankruptcy petition was filed at 10:14 a.m. on the same day. Petitioner does not contest these facts and we do not find them to be clearly erroneous. Based on those facts and the reasoning in In re Mallet, No. 06-50564, 2006 WL 2844018 (Bankr. W.D. La. Sept. 19, 2006), the Bankruptcy Court found that the property never became part of the bankruptcy estate because the sheriff's sale was completed prior to the Chapter 13 Bankruptcy filing. (Doc. 11, p. 16). We agree with the Bankruptcy Court.

Counter to petitioner's arguments, there is no requirement under Louisiana law that the documentation of an adjudication at a sheriff's sale must be completed or recorded for the sale to

---

[2] Petitioner also filed an "Objection to Confirmation of Modified Plan," which is not a proper filing for this appeal. (See Doc. 23).

2

be valid.[3] See La. Civ. Code art. 2439. As discussed in Mallet, La. Code. Civ. Proc. article 2342 provides that the sheriff shall pass an act of sale to the purchaser within 15 days of the sheriff's sale. Article 2342 also states, "The act of sale adds nothing to the force and effect of the adjudication, but is only intended to afford proof if it." Accordingly, Louisiana courts have held that the buyer of property at a sheriff's sale becomes the owner of the property in question at the time its bid is accepted and any rights the debtor has in the property are terminated at that time. See Dryades Sav. & Loan Ass'n v. Givens, 602 So. 2d 325, 326–27 (La. Ct. App. 1992).

In this case, the 616 Holly Street property was adjudicated at a sheriff's sale eight minutes before petitioner filed her Chapter 13 Bankruptcy petition. While we recognize the extremely slim margin of time between these two events, petitioner had been divested of her rights in the property by the time her Bankruptcy petition was actually filed. Thus, we agree with the Bankruptcy Court that it had no jurisdiction over the 616 Holly Street property because it was not a part of the bankruptcy estate. See 11 U.S.C. § 541(a) (describing the estate as consisting of all legal or equitable interest of the debtor in property as of the commencement of the case) (emphasis ours)).

Finally, we must address petitioner's argument that "the Bankruptcy Court erred in failing to address the failure of the electronic filing." (Doc. 12, p. 3). At the hearing on the motion to vacate, the Bankruptcy Court heard testimony and an affidavit was entered into the record concerning counsel's alleged problems with the filing system. (See Doc. 11, p. 3–5). The Bankruptcy Court was unpersuaded by this argument, as are we. The only evidence in the record before us shows that any alleged failure was most likely caused by a problem on counsel's behalf,

---

[3] Louisiana law applies here because the Bankruptcy Court found, and we agree, that petitioner had no rights in the property when the petition was filed. See In re Mallet, No. 06-50564, 2006 WL 2844018, p.*1 (Bankr. W.D. La. Sept. 19, 2006) (citing Butner v. United States, 440 U.S. 48, 54 (1979)).

not with the court's filing system. (See id.; Doc. 12-2, p. 1–2, 4–7). "Problems in the participant's office, such as phone line problems, problems with the filer's Internet Service Provider (ISP), or hardware or software problems, will neither constitute a technical failure under these procedures nor excuse an untimely filing." Bankr. W.D. La. Adm. P. XI(A). Thus, petitioner's argument must fail.

For the foregoing reasons, the Bankruptcy Court's Orders lifting the automatic stay and denying the motion to vacate are AFFIRMED.

SIGNED on this 19 day of August, 2016 at Alexandria, Louisiana.

DEE D. DRELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT